21-1522-bk

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT:  DENNIS JACOBS,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

IN RE: MAURA E. LYNCH,

       *Debtor*,

MAURA E. LYNCH,

       *Debtor-Appellant*,

     v.                                                                                21-1522-bk

CHRISTINE H. BLACK,

       *Appellee.*

_____

**FOR DEBTOR-APPELLANT:**                 Maura E. Lynch, *pro se*, Sag Harbor, NY

**FOR APPELLEE:**                                        No appearance

Appeal from a March 24, 2021 order and March 25, 2021 judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 24, 2021 order and March 25, 2021 judgment of the District Court be and hereby are **VACATED** and that the cause is **REMANDED** to the District Court with instructions to dismiss the cause for lack of jurisdiction.

In 2015, Debtor-Appellant Maura E. Lynch filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York and asserted interests in several real properties. The Bankruptcy Court ordered the sale of Lynch's home and, when Lynch did not vacate the property, ordered her evicted from it. Lynch then filed a second bankruptcy action, listing another property as her residence and asserting an interest in a second property, both of which were at issue in the first action. The Bankruptcy Court ordered Lynch to show cause why the second action should not be dismissed or converted from Chapter 11 to Chapter 7. Following a hearing, the Bankruptcy Court declined to convert the second action to a Chapter 7 proceeding and dismissed the action. Lynch, proceeding without counsel, appealed to the District Court, which dismissed the appeal as "improperly filed" because Lynch failed to identify an opposing party in her notice of appeal. Lynch now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An appeal to the District Court from a decision of the Bankruptcy Court must be filed within 14 days of entry of that order, judgment, or decree. *See* Fed. R. Bankr. P. 8002(a)(1); *see also* 28 U.S.C. § 158(c)(2) (stating that bankruptcy appeals to the district court must be filed within the time prescribed by Rule 8002). This time limit is "jurisdictional," meaning that "a district court . . . has no jurisdiction to consider an untimely appeal." *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012) (internal quotation marks omitted).

Here, the Bankruptcy Court entered the order from which Lynch appealed on September 20, 2019,[1] meaning that the 14-day window to file a notice of appeal expired on October 4, 2019. *See* Fed. R. Bankr. P. 9006(a)(1) (rules for computing time). Lynch did not file her notice of appeal until October 7, 2019. Thus, although the District Court dismissed Lynch's appeal as "improperly filed," it should have instead dismissed her appeal for lack of jurisdiction. Accordingly, and in light of our "independent obligation to consider the presence or absence of subject[-]matter jurisdiction [*nostra*] *sponte*," *In re Coudert Bros.*, 673 F.3d at 185 n.6 (internal quotation marks omitted), we will remand this cause to the District Court with instructions to dismiss for want of subject-matter jurisdiction. *See*

---

[1] The Bankruptcy Court's order was signed on September 19, 2019, but not filed until the next day, September 20, 2019.

*also id.* ("When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (internal quotation marks omitted)).

We therefore **VACATE** the March 24, 2021 order and March 25, 2021 judgment of the District Court and **REMAND** with instructions to dismiss Lynch's appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3